This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MONICA MARQUEZ,**

Worker-Appellant,

v.                                                                                      **No. 34,142**

**HERRERA SCHOOL BUSES &**
**COACHES and NM MUTUAL**
**CASUALTY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Rod Dunn
Rio Rancho, NM

for Appellant

Miller Stratvert P.A.
Nathan A. Cobb
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}** Worker appeals from the Workers' Compensation Judge's (WCJ) amended compensation order, which denied her modifier benefits on the basis that she refused to earn pre-injury wages by her self-imposed work restrictions, limiting her sedentary work hours to less than thirty-five hours per week. [RP 182-97] We issued a notice of proposed summary disposition, proposing to affirm. Worker has responded to our notice with a memorandum in opposition. Employer/Insurer has responded with a memorandum in support. After due consideration, we are not persuaded by Worker's arguments. We, therefore, affirm.

**{2}** We have construed Worker's arguments on appeal to challenge the WCJ's findings supporting its conclusion that Worker has unreasonably refused to earn pre-injury wages. We do not repeat our proposed analysis herein and respond only to those arguments raised in Worker's memorandum in opposition to our notice.

**{3}** In response to our notice, Worker contends that the WCJ was required by statute to calculate her permanent partial disability based on impairment and modifiers. [MIO 2-5, 14] Worker's arguments do not address the provision in the settlement agreement that was at the heart of the dispute below, [MIO 2-5, 14] providing that if Worker is is earning less than pre-injury wages by unreasonably refusing employment within her work restrictions, Employer may refuse to pay

modifier benefits. [RP 50-51] There is no dispute that Worker was offered full-time work at her pre-injury wages, which she accepted, but works less than full-time.

{4}     Also in her response to our notice, Worker emphasizes portions of the doctors' reports that she argues support her contention that she had ongoing pain that was consistent with her work-related injuries. [MIO 6-13] Even assuming she continues to suffer pain from the work-related injury, none of the doctors placed Worker on the work restrictions of less than thirty-five hours per week as a receptionist/dispatcher, the restriction Worker imposed upon herself. [RP 167, 185] Worker's arguments do not contradict our observation that all medical testimony was consistent in the assessment that Worker can perform the duties required of the sedentary receptionist/dispatcher position for up to forty hours per week. [RP 185] Also, we observe that the evidence indicates that Employer permitted and encouraged Worker to do what she could and avoid any duties she feels she should avoid, even though her job duties as a receptionist/dispatcher were within her medical restrictions. [RP 171]

{5}     For the reasons stated in this opinion and our notice, we are not persuaded that the record supports Worker's claims of error. We affirm.

{6}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

3

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**